## KUBIAC v HARRIS

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 4, 1935

C. F. Soanlong, for plaintiff in error.
Anderson & Lamb, Youngstown, for defendant in error.

**OPINION**

By NICHOLS, J.

At the written request of plaintiff, the court instructed the jury, before argument, as follows:

"A vehicle turning to the left into an intersecting road or highway shall pass to the right of the center line of the road or highway upon which the vehicle has been traveling, where such highway enters the intersection; and when leaving the intersection shall pass to the right of the center line of the highway being entered.

If you find by the greater weight of the evidence that the defendant failed to obey that law, and such failure acted as a proximate cause to cause plaintiff's injury, and the plaintiff herself was free from negligence, then I say to you it is your legal duty to return a verdict in favor of Alice Harris, the plaintiff."

In this charge the court incorporated a verbatim copy of §6310-24, GC, as amended, effective August 30th, 1933,—the collision having taken place long before the effecttive date of the amendment. At the time of the collision §6310-24, GC, reads as follows:

"Vehicles turning to the left into another road or highway shall pass to the right of and beyond the center of the intersection before turning."

It is the claim of the plaintiff in error that in charging the amended portion of §6310-24, GC, the court prejudiced the rights of the plaintiff in error, in that such charge placed upon him a greater degree of care than the requirements of this section, prior to its amendment in 1933.

It is conceded by the defendant in error that the charge erroneously gave the amended provisions of the section, but it is claimed by defendant in error that this was not prejudicial error, because other cognate sections of the motor vehicle law, in force at the time of the collision, required that vehicles shall pass to the right side of the road or highway except under certain instances set forth in §6310-17, GC, and that §6310-18 GC, in force at the time of the collision, requires that a vehicle meeting another vehicle, approaching from the opposite direction, shall pass to the right, and it is claimed by the defendant in error that the part of the charge about which plaintiff in error is complaining "had no bearing upon the question to be submitted to the jury, because at no time did the question of leaving the intersection enter into the issues for the determination of the jury, for the reason that the evidence shows that the plaintiff in error turned his automobile at an angle and never came up to the center line of the intersection."

On the other hand, the plaintiff in error claims that the evidence does show that the vehicles collided at the intersection, and that the charge was misleading to the jury, and prejudicial. It is noted from the record that defendant testifies as follows:

"I was just about the middle of the intersection when the impact took place."
(R. page 88).

It seems clearly a question for the jury to determine just where the collision occurred, and that they were entitled to a charge correctly stating the law applicable to the situation.

Sec 11420, GC (formerly §11447 GC), confers upon parties in civil actions the absolute right to have instructions presented in writing, given to the jury before argument, provided the same be a correct statement of the law pertinent to one or more issues and applicable to the evidence adduced in the case. **Washington Fidelity National Insurance Company v Herbert, 125 Oh St, 591.**

It seems apparent that if it be prejudicial for the trial court to refuse an instruction requested, in writing, before argument, which correctly states the law, pertinent to the issue and applicable to the evidence adduced in the case, that it would be prejudicial error for the trial court to give an instruction requested in writing before argument, but which is not a correct statement of the law pertaining to the issue but which is applicable to the evidence adduced at the trial.

In determining the question whether this requested and given charge was prejudicial, we are also required to certify that substantial justice has been done between the parties before we can affirm the judgment of the lower court. Can it be said with certainty that the jury gave no heed to the portion of this requested charge, which, concededly, was not a part of the Code provision at the time of the accident? In the case of **Koenig v State, 121 Oh St, 155,** the Supreme Court, in dealing with the situation where the trial judge had given an erroneous charge, which was not withdrawn from the consideration of the jury, held that the error can not be cured by correctly stating the law upon the same subject in some other part of the charge.

It would not have been prejudicial to the plaintiff if the trial court had refused the request to charge, and it appears to this court that the defendant had the right to insist that the requested charge correctly state the law pertinent to the issue and applicable to the evidence. This request to charge, when given, went with the jury into the jury room, and the jury may have well been led to believe that the evidence made this charge pertinent; otherwise, the same would not have been given to them by the court. They would have the written charge before them to refresh their recollection. They would not have the record of the evidence but must depend entirely upon their memory.

We have concluded that the giving of this written request to charge, in writing, was prejudicial to the rights of the defendant below; that substantial justice has not been done, and that the judgment of the trial

court must, for this reason, be reversed and the cause remanded. Having concluded that the cause must be reversed and remanded, it is not important whether the evidence introduced by the plaintiff below, to which objection was made and exception taken, be here considered, but upon examination of the record in this connection, we believe that it was within the sound discretion of the trial court to admit the evidence complained of, and that no prejudicial error intervenes in this respect.

The judgment of the trial court is reversed and the cause remanded.

Judgment reversed.

CARTER and ROBERTS, JJ, concur.